IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


KISHEN WOODS, SR.,

                    Plaintiff,

          v.                                    CASE NO. 21-3063-SAC

SAM A. CROW, et al.,

                    Defendants.


## MEMORANDUM AND ORDER

Plaintiff, a person held at the Larned State Hospital at the time of filing, brings this civil action.[1]  Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis.

## I.  Nature of the Matter before the Court

The Complaint was submitted on a civil complaint form.  Plaintiff marked the jurisdictional ground as being "violation of the civil or equal rights, privileges, or immunities accorded to the citizens of, or persons within the jurisdiction of, the United States (28 U.S.C. § 1343)."  ECF No. 1, at 3.  The Complaint provides no coherent statement of a claim and names as defendants the undersigned, a person described as a nurse, and an unnamed District Attorney.  *Id*. at 2-3.  Under the portion of the form for damages, Plaintiff mentions he needs money from three people who are not named as defendants for child support.  *Id*. at 4.

---

[1] Plaintiff purports to bring this action under Case No. 11 CR 3340.  In that action, a criminal case brought in the District Court of Sedgwick County, Kansas, Plaintiff was convicted of first degree murder and criminal possession of a firearm.  *State v. Woods*, 348 P.3d 583 (Kan. 2015).

## II. Discussion

A complaint filed in forma pauperis may be dismissed if it fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).  When reviewing a complaint's sufficiency, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff proceeds pro se, the Court liberally construes his pleadings and holds them "to a less stringent standard than formal pleadings drafted by lawyers."  *Id*. at 1110.  However, "[t]he broad reading of the plaintiff's complaint does not relieve [plaintiff] of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Id*.

In the Complaint, Plaintiff makes no plausible claim to show that his civil rights were violated.

Also, he names the undersigned judge as a defendant.  Generally, a judge shall disqualify himself if he "[i]s a party to the proceeding."  28 U.S.C. § 455(b)(5)(i).  This provision mandates recusal when a judge "[i]s a named defendant in the action before [him]."  *Akers v. Weinshienk*, 350 F. App'x 292, 293 (10th Cir. 2009) (unpublished).  However, "[a] judge is not disqualified merely because a litigant sues or threatens to sue him."  *Id*. (quoting *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977), *cert. denied*, 435 U.S. 954 (1978); *see also Anderson v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988), *aff'd*, 894 F.2d 1338 (7th Cir. 1990) (Table) (stating that § 455(b)(5)(i) has not been construed to require automatic disqualification, and to guard against judge-shopping, "courts have refused to disqualify themselves under Section

455(b)(5)(i) unless there is a legitimate basis for suing the judge") (citations omitted); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("a judge is not disqualified by a litigant's suit or threatened suit against him") (citations omitted); *In re Murphy*, 598 F. Supp. 2d 121, 124 (D. Me. 2009).

In this case, the Court finds no basis to recuse.  The Plaintiff's allegations are entirely incoherent and unsupported, and it is apparent that his identification of the undersigned as a defendant is either an effort to judge-shop or a misunderstanding of the fundamental nature of a civil rights action.  Likewise, because it does not appear that Plaintiff could cure the primary defect identified in this matter, namely, a complete lack of factual and legal support, the Court concludes it is appropriate to dismiss this matter without allowing him the opportunity to amend the Complaint.  *See McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365-66 (10th Cir. 1991) (stating that dismissal with prejudice is appropriate when the defendants are immune from suit and amendment of the complaint would be futile).

**IT IS THEREFORE ORDERED** that Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that this matter is **dismissed** for failure to state a claim for relief.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 4) is **denied** as moot.

**IT IS SO ORDERED.**

DATED:  This 9th day of September, 2021, at Topeka, Kansas.

**s/ Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**

3